# THE LAKE ERIE & WESTERN RAILROAD COMPANY

## v.

## HARMON HELMERICK.

*Railroads—Fires—Negligence—Defective Spark Arrester—Separation of Jury—Evidence—Instructions.*

1. In an action to recover damages suffered by fire alleged to have been ignited by sparks escaping from a locomotive engine, this court declines to interfere with the verdict for plaintiff, there being a conflict of evidence and no substantial error in the instructions.

2. Evidence as to smoke arising along the line of a railroad, some time after the passage of a train, is competent in an action alleging loss by fire through the negligence of the company.

3. Where the material parts of instructions refused are incorporated in those given, no complaint can be made.

4. While it is proper to refuse an instruction which is argumentative and calculated to lead the minds of the jury in a particular direction, this court will not reverse, where the argument is unimportant and there is no such undue reference to particular features of the proof as to warrant such action.

5. The mere separation of the jury is not sufficient ground for reversal where no injury is shown.

[Opinion filed November 23, 1888.]

APPEAL from the Circuit Court of Ford County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. MILTON H. CLOUD, for appellant.

Appellee's fifth instruction assumes that "a new improvement has been made, and has been tested and generally approved as the better appliance," and tells the jury, in effect, that it was the duty of appellant to adopt such new improvement. This was error. Yundt v. Hartrunft, 41 Ill. 9; Small v. Brainard, 44 Ill. 355; Hassett v. Johnson, 48 Ill. 68; Adams v. Smith, 58 Ill. 417–21; Jamison v. Graham, 57 Ill. 94; Farnan v. Childs, 66 Ill. 544; St. L., A. & T. H. R. R. Co. v. Manly, 58 Ill. 300; Wilson v. Bauman, 80 Ill. 493; Gohn v. Doerle, 85 Ill. 514.

The sixth instruction announces no rule of law by which the jury are to be governed, but is confined to questions of fact only. This is a direct violation of section 51 of the practice act. 2 Starr & C. Ill. Stat., p. 1814, ¶ 52.

It singles out that part of the evidence which is purely theoretical, and which is shown to be erroneous, even in theory, by the great weight of the evidence, and tells the jury that upon it alone they are to determine a controlling fact in the case.

It entirely ignores and takes from the jury the evidence of witnesses who testify to the condition of repair the engine was in, and also the manner of its operation, as well as the character of the engineer operating it. It excludes also from the consideration of the jury the fact that sparks may be carried considerable distances by the wind, and that the wind was blowing at the times these fires occurred; all of which matters were involved in this very inquiry, and were more important to be considered in arriving at its correct determination than was the matter to which the court called the attention of the jury as being the only one they need consider on that point. This was highly improper and misleading. C., B. & Q. R. R. Co. v. Griffin, 68 Ill. 499; Hatch v. Marsh, 71 Ill. 370–4; St. L. & I. E. Ry. Co. v. Britz, 72 Ill. 256–61; Ogden v. Kirby, 79 Ill. 555; France v. Badger, 79 Ill. 441–56; Evans v. George, 80 Ill. 51–4; Cushman v. Cogswell, 86 Ill. 62; Protection Life Ins. Co. v. Dill, 91 Ill. 175–7.

The instruction is a mere argument of the facts in favor of appellee. C., B. & Q. R. R. Co. v. Griffin, 68 Ill. 499; Thorp v. Goewey, 85 Ill. 611.

And was long and involved and tended to confuse and lead the minds of the jury from facts proper to be considered. Roe v. Taylor, 45 Ill. 485; Chapman v. Cawrey, 50 Ill. 512; Thompson v. Force, 65 Ill. 370.

That it was improper on all these points, and also for the reason that it pretended to recite part of the testimony in the case. See E. & W. G. R. Co. v. People ex rel., 96 Ill. 584.

Messrs. Cook & Moffett and Tipton & Hoffett, for appellee.

"We have often decided that it is negligence in a railroad company, failing to provide all the most approved appliances to arrest sparks issuing from the smoke stacks of its engines." I. C. R. R. Co. v. McClelland, 42 Ill. 355.

They should be required to provide and keep constantly in use, and in proper repair, the most approved machinery to prevent fire spreading from their engines to the farms and buildings along the line of their roads. T., P. & W. R. R. Co. v. Pindar et al., 53 Ill. 447; I. C. R. R. Co. v. Mills, 42 Ill. 408; O. & M. R. R. Co. v. Shanfelt, 47 Ill. 497.

Experience has demonstrated that railway companies, by the use of certain mechanical contrivances, can prevent the emission of sparks from locomotive engines, in such quantities, at least, as would not be at all dangerous to property in the immediate proximity. C. & A. R. R. Co. v. Quaintance, 58 Ill. 389.

Negligence ought to be implied from the escape of fire, and the *onus* should be upon the company against which an action is brought to show that all the most approved mechanical contrivances were used upon the engine to prevent its escape. Bass v. C., B. & Q. R. R. Co., 27 Ill. 9.

Our sixth instruction is attacked as "highly improper and misleading." There was certainly abundant evidence upon which to found it. Instead of interfering with the province of the jury, it simply informed them that if they believed certain facts from the evidence, then it was for them to say whether certain material things necessary for appellant's defense had been proven. The jury had a right from these facts alone, to find for appellee. Sibley v. Northern Pacific R. R. Co., 21 N. W. Rep. 732; I., B. & W. R. R. Co. v. Nicewander et al., 21 Ill. App. 305.

This instruction was given upon one branch of the case and does not, by word or implication, exclude other evidence as to the sufficiency of appellant's appliance. These facts, if proven, furnish direct evidence that the engine or appliance was out of order. Babcock et al. v. Chicago & N. W. Ry. Co., 62 Iowa, 593; Slosson v. Burlington, C. R. & N. Ry. Co., 60 Iowa, 214.

The jury had a right to, and should determine from the evidence whether an undue amount of sparks had been emitted and produced the fires. Great Western R. R. Co. v. Haworth, 39 Ill. 346.

The mere separation of the jurors where there is no ground for suspicion that they have been tampered with, is no cause for a new trial. Miller v People, 39 Ill. 457; Jones v. Warner, 81 Ill. 343; Parsons v. Huff, 38 Me. 137; Edrington v. Kiger, 4 Tex. 89; State v. Barton, 19 Mo. 227; Downer v. Baxter, 30 Vt. 467.

WALL, P. J. The appellee recovered a judgment against the appellant for $225, on account of damages to meadow and hedge from fire set by locomotive engines of appellant. There were two fires, one on the 3d of August, 1887, the other on the 5th of the same month. Both were set by the same engine, No. 41, hauling the local freight train east. It is not altogether certain whether the fire, in either case, started on the right of way or on the adjoining premises of the plaintiff, but as the appellant insists, and as is perhaps true, it is probable that it started beyond the right of way.

There is sufficient evidence to warrant the verdict as to the amount of damages, and so far as questions of fact are concerned, the field is narrowed to the single point as to whether the engine was properly equipped with a spark arrester, in good repair at the time, and was properly handled. .

The fire having been set by the engine of defendant, a *prima facie* case of negligence appeared. Chap. 114, Par. 104, Starr & C. Ill. Stat. And the *onus* devolved upon the defendant to prove compliance with its legal duty, in providing suitable means to prevent the escape of fire.

It appeared that the engine set not only the fires upon plaintiff's land, but quite a number of other fires in that vicinity at the same time; and if it is true that in each instance the spark alighted beyond the right of way, there was much to induce the belief that the spark arrester in use was out of repair, or that it was sufficient in its mode of construction.

It did not appear that the engine was overworked or that the speed was unusual, so that the inquiry is again limited

and affects only the mode of construction and the then condition of the spark arrester. There was proof that the device in use would probably not throw a spark with sufficient fire to ignite the grass as far as was done if in good order, and while there was evidence tending to show that it was in good order, yet the significant fact remained that the engine was throwing too much fire.

In this connection it is proper to notice the sixth instruction. given for plaintiff, which was, in effect, that though it might appear from the evidence that the engine had upon it the most approved appliance to prevent the escape of fire, yet if the jury believed from the evidence that an engine so equipped, in good order and carefully managed, would not allow sparks to escape of such a size as to carry and set fire at a greater distance than twenty-five feet, and that this engine being so equipped did throw sparks of such a size as to carry fire into plaintiff's field a greater distance than twenty-five feet, then it would be for the jury to say whether, at the time, the appliance was in good order and the engine properly handled. There was evidence upon which to predicate this proposition, but the principal objection taken to the instruction is that it omitted all reference to certain positive evidence tending to show that the appliance was in good order, and that sparks might be carried by the wind a greater distance. The point in the instruction is as to the emission of a spark large enough to carry and set fire the distance named, and it is not important whether the spark was itself borne by the wind or by the force by which it was thrown out.

The value of the spark arrester is mainly in confining and breaking up the spark so that when it escapes its capacity to carry fire will be so reduced as to render it comparatively harmless; and it was with reference to this aspect of the subject that the instruction was presented.

Another instruction given at the instance of defendant told the jury that if they believed the fire would not have been carried so far but for the wind, and that there is no contrivance known and approved which would have prevented such escape and carrying of fire by the wind, then defendant was not liable, whether it had the best appliance or not. Nor was

it necessary to embody in this instruction a reference to the positive proof tending to show this appliance was then in good order. The instruction was dealing with a theory simply supported by proof that certain consequences would not follow without certain conditions or causes, and if the consequence appeared, the jury should determine whether the supposed condition did in fact exist. The syllogism involved would of course warrant the conclusion that the condition or cause was there—and so the proposition might have been stated. Perhaps the greatest real objection to the instruction is that it is argumentative. All instructions are so necessarily to some extent; even the simplest statement of the law with reference to facts admitted or assumed, or to hypothetical facts, will always set up a process of reasoning which partakes of argument more or less.

When an instruction is too argumentative, and therefore is too much calculated to lead the mind of the jury in a particular direction, there is error; and whether there is error in the given case must depend upon all the circumstances and conditions that are present. The argument here involved is so elementary and so self-evident that it need not have been suggested, nor can we say that a reference to it by the court ought to be deemed "reversible error." When all the instructions touching upon this aspect of the case are considered, we can not say there was in this one such undue reference to particular features of the proof as to warrant us in reversing the judgment.

The fifth instruction for plaintiff is objected to because it assumes too much as to new improvements and tells the jury in effect, it was the duty of appellant to adopt such new improvements. We think it is not faulty in that respect.

Objections urged to other instructions for plaintiff are not substantial, and there is no occasion to take the time necessary to analyze each instruction and demonstrate the untenable nature of each objection. It is objected that the court erred in refusing certain instructions asked by appellant, but on examination we find that the material and substantial portion of those refused is contained in those given, so that there is no real ground of complaint in this respect.

It is also objected that the court erred in allowing plaintiff to prove by a witness that he saw smoke along the line of the road after this engine 41 had passed, but not at the plaintiff's premises. It is admitted that it would have been competent to prove that there was fire after it had passed, but that the proof of smoke presupposed better evidence as to its origin and cause. It can not be supposed that there was necessarily any one who knew more than these witnesses; what they knew was competent. When smoke is seen, fire is to be presumed ; and while those who actually saw the fire might have given a more helpful statement than those who saw the smoke merely, yet the one is as competent as the other; and the value of the proof would be for the jury to determine.

It is urged, finally, that the judge of the court erred in permitting the jury to separate about the hour of midnight until 3:30 A. M. This action of the court was accompanied by very full directions to guard the jury against receiving any outside communications or impressions, and there is nothing to show that there was any evil result of such separation. In this there was no error. In capital cases even, where life is at stake, the separation of a jury without consent is not of itself error and ground for new trial. Something more must be shown ; it must be shown that the defendant might have been prejudiced by it ; that the jurors, or some of them, might have been tampered with or improperly influenced or some means exerted over them in consequence of their separation so as to affect the verdict. Reins v. The People, etc., 30 Ill. 256 ; Miller v. The People, etc., 39 Ill. 457.

As has been stated already, the main point for the jury to settle was whether the defendant had used proper care to prevent the escape of fire; and while, as to this, there was conflict and room for difference of opinion, yet we think the conclusion reached is not without sufficient warrant in the proof.

The law was presented to the jury so fully and fairly by the instructions when considered as a series, that it would, in our opinion, be a perversion of justice to reverse the judgment because of any of the errors alleged. The judgment will be affirmed.

*Judgment affirmed.*